IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROLAND C. ANDERSON, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civ. No. 18-621-LPS Justice of the Peace Court of the State of |
| GENERAL MOTORS LLC, | : : | Delaware in and for New Castle County C.A. No. JP13-18-003067 |
| Defendant. | : | |

Roland C. Anderson, Wilmington, Delaware, Pro Se Plaintiff.

Lori Ann Brewington, Esquire, and Tina M. Bengs, Esquire, Richards, Layton & Finger, PA, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 13, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

On April 25, 2018, Defendant General Motors LLC ("Defendant") filed a notice of removal of Delaware State Court C.A. No. JP13-18-003067. (D.I. 1) Plaintiff Roland C. Anderson ("Plaintiff") appears *pro se*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendant moves for judgment on the pleadings, while Plaintiff moves to stay the case, requests counsel, seeks default judgment against Defendant,[1] and moves for an extension of time.[2] (D.I. 11, 13, 14, 16, 17, 22, 23)

## II. BACKGROUND

Plaintiff, who was employed by Defendant, alleges that he has seniority rights and credited service that entitle him to pension benefits under an employee retirement benefit plan that is sponsored and administered by Defendant. (D.I. 1-1 at 6) Attached to the Complaint are two letters: one dated January 27, 2016 and the other dated February 13, 2018.

The January 27, 2016 letter advises Plaintiff:

> We have reviewed your employment records, which confirm that you never acquired seniority rights. Further, the terms of the Plan in effect as of your date of termination required employees to have 10 years of credited service in order to have eligibility for benefits under the Plan. As you did not have 10 years of credited service, there are no benefits due you under the Plan.
>
> Your correspondence indicated that you believed that you have entitlement to sickness & accident or disability benefits from General Motors; this matter was thoroughly reviewed in 2011 and it was determined that you did not have any eligibility for those benefits.

---

[1] Plaintiff purports to bring his motions for a default judgment pursuant to Fed. R. Civ. P. 37(b)(2)(A). (D.I. 16, 23) However, Rule 37(b)(2)(A) permits sanctions when there has been a failure to obey a discovery order. There have been no discovery orders in this case. Plainly, then, no Rule 37 sanctions can be imposed.

[2] On January 17, 2019, Plaintiff filed a motion for an extension of time to file a reply brief. (D.I. 22) He filed his reply brief on February 19, 2019. (D.I. 24) The Court considers the reply brief and, therefore, will deny as moot the motion for an extension of time.

1

GM considers this matter closed.

(D.I. 1-1 at 8)

The February 13, 2018 letter is a cover letter that enclosed a copy of the foregoing January 27, 2016 letter and was sent in response a query made by Plaintiff. The February 13, 2018 letter states:

> Thank you for contacting the GM Benefits & Services Center regarding your service and eligibility of pension benefits under the Plan.
>
> This letter is to inform you that GM considers this case closed. Please see the attached letter of explanation for no benefits due you.

(D.I. 1-1 at 7)

The Court takes judicial notice that, in addition to this case, Plaintiff has filed numerous lawsuits against Defendant, including: *Anderson v. Local 435 GM Union*, Civ. No. 12-1119-LPS; *Anderson v. General Motors*, Civ. No. 06-669-JJF; *Anderson v. General Motors*, Civ. No. 05-877-LPS; *Anderson v. General Motors Corp.*, Civ. No. 03-275-JJF; *Anderson v. GM Local 435*, Civ. No. 98-045-JJF; and *Anderson v. General Motors*, 92-335-RRM.[3]

## III.  LEGAL STANDARDS

A party may move for judgment on the pleadings, "[a]fter the pleadings are closed -- but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law." *Alea London Ltd. v. Woodlake Mgmt.*, 594 F. Supp. 2d 547, 550 (E.D. Pa. 2009), *aff'd*, 365 F. App'x 427 (3d Cir. Feb. 17, 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In reviewing a 12(c) motion, the court must

---

[3] In Civ. No. 05-877-LPS, the Court entered an order requiring Plaintiff to obtain written permission from the Court prior to filing any future employment-related claims against Defendant. (*Id.* at D.I. 93, 94) That requirement did not come into play in the instant case since Plaintiff commenced his action in the Justice of the Peace Court, not this Court. The case is here due to Defendant's removal of it.

view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." *Allstate Ins. Co. v. Hopfer*, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009). Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as they do for a motion to dismiss pursuant to Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("[T]here is no material difference in the applicable legal standards.").

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

3

## IV. DISCUSSION

### A. Statute of Limitations

The Court turns first to the statute of limitations issue, as it is case-dispositive. Defendant contends that Plaintiff's claims are barred by the applicable one-year statute of limitations. Defendant's position is based upon the January 27, 2016 denial letter attached to the Complaint. In Defendant's view, Plaintiff was required to file his action no later than January 27, 2017. The Complaint was not filed until March 7, 2018.

Plaintiff, on the other hand, argues first that there is no statutory limitation on the right of a former employee with sufficient services credit to receive the former employee's pension and cites to *State ex. rel. State Board of Pension Trustees v. Dineen*, 409 A. 2d 1256 (Del. Ch. 1979), as support. (*See* D.I. 17 at 3) *Dineen*, however, is inapplicable. The issues in *Dineen* concerned Delaware's public employee pension statutes and observed that statutes that create and govern the State Employees' Pension Plan, 29 Del. C. § 5522, contain no language of limitation. Plaintiff's claim does not arise under Delaware's State Employee's Pension Plan. Instead, Plaintiff seeks the recovery of unpaid pension benefits and, thus, his claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Plaintiff next argues that the limitation period did not begin to run until February 13, 2018, when he received the latest letter from Defendant regarding service and eligibility. (D.I. 17 at 35) Because ERISA does not contain a statute of limitations for recovery of benefits, the Court looks to and "borrows" the statute of limitations from the state law claim that is most analogous to the claim for benefits under ERISA. *See DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 158-160 (1983); *Romero v. The Allstate Corp.*, 404 F.3d 212, 220 (3d Cir. 2005); *Syed v. Hercules, Inc.*, 214 F.3d 155, 159 (3d Cir. 2000). The Third Circuit has held that the one-year statute of limitations found at

10 Del. C. § 8111 is applicable to claims for recovery of benefits under an ERISA plan. *See Syed*, 214 F.3d at 159; *see also Gregorovich v. E.I. du Pont de Nemours*, 602 F. Supp. 2d 511, 517 (D. Del. 2009) (identifying 10 Del. C. § 8111 as applicable statute of limitations on claims for ERISA benefits filed in Delaware); *accord Friedland v. Unum Group*, 50 F. Supp. 3d 598 (D. Del. 2014).

In the ERISA context, a non-fiduciary cause of action accrues when a claim for benefits has been denied. *See Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007); *see also Fiorentino v. Bricklayers & Allied Craftworkers Local 4 Pension Plan*, 696 F. App'x 594, 597 (3d Cir. June 6, 2017). It is clear from the attachment to Plaintiff's Complaint that he was advised on January 27, 2016 that he did not have ten years of credited service, that he never acquired seniority rights, and that no benefits were due to him under the Plan.[4] (D.I. 1-1 at 8) The February 13, 2018 letter merely enclosed the January 27, 2016 letter and once again advised Plaintiff that his case was closed. Plaintiff filed his Complaint on March 7, 2018 more than one year from the January 27, 2016 letter advising him he was not entitled to benefits and did not have the ten years of service for eligibility of benefits under the plan. Plaintiff's ERISA claim, therefore, is time-barred. Accordingly, the Court will grant Defendant's motion for judgment on the pleadings.

B.  **Issue Preclusion (Collateral Estoppel)**

Even were the claim not time-barred, Defendant argues Plaintiff may not raise his claim under the doctrine of issue preclusion.[5] Plaintiff responds that he "never litigated [his] work history and time worked for [Defendant] in any of [his] filings. (D.I. 17 at 28)

---

[4] Defendant also provided a letter dated June 14, 2011, advising Plaintiff that he was not eligible for a pension benefit due to insufficient credited service. (D.I. 12-1 at 2)

[5] Defendant raises issue preclusion, not claim preclusion. In *Anderson v. General Motors Corp.*, 548 F. Supp. 2d 123, 125 (D. Del. 2008), the Court referred to Plaintiff's deposition testimony when Plaintiff testified that he "was an employee of GM between August 1981 and September 1981, and then again between June 1982 and October 1982." *Id.* The Court ruled on the issue of whether

5

In an effort to avoid issue preclusion, Plaintiff also seems to seek reconsideration of prior rulings made against him in other cases pursuant to Fed. R. Civ. P. 59 or to set aside judgments pursuant to Fed. R. Civ. P. 60. It is procedurally incorrect, however, for Plaintiff to seek reconsideration or to set aside judgments entered in other cases through filings in the instant case. The Court does not consider Plaintiff's argument in this regard.

Collateral estoppel, also known as issue preclusion, prohibits relitigation of an issue that has been fully and fairly litigated previously. The elements for collateral estoppel are satisfied when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *National R.R. Passenger Corp. v. Pennsylvania Pub. Util. Comm'n*, 342 F.3d 242, 252 (3d Cir. 2003) (alterations in original; internal quotation marks omitted).

---

Defendant retaliated against Plaintiff by denying him appropriate seniority status and recall rights. *Id.* at 127. The Court concluded:

> Plaintiff's retaliation claim, which has been litigated to final judgment on previous occasions, is prohibited by the doctrine of *res judicata*. Claim preclusion, the *res judicata* concept at issue here, "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." (internal citations omitted) The party asserting preclusion bears the burden of showing it applies. (internal citations omitted) GM has submitted past court docket sheets and opinions demonstrating that Mr. Anderson's seniority and recall claims against GM have been litigated to final judgment, and Mr. Anderson has not contended that his retaliation claim raises new matter. Mr. Anderson, rather, focuses on the merits of his seniority and recall rights claim. In sum, the Court cannot reach the merits of Mr. Anderson's retaliation claim because it is precluded from doing so by the doctrine of *res judicata*, which prevents repeated litigation of the same claim.

*Id.*

Plaintiff has litigated his seniority rights against Defendant on numerous occasions. For example, in *Anderson v. General Motors Corp.*, 548 F. Supp. 2d at 137, the Court concluded that Plaintiff's claim that Defendant retaliated against him by denying him appropriate seniority status and recall right "has been litigated to final judgment on previous occasions." In addition, in *Anderson v. General Motors*, 817 F. Supp. 467, 469 (D. Del. 1993), in granting Defendant summary judgment, the Court stated, "it appears from the undisputed facts that the plaintiff was not entitled to a 60-month recall period." The Court finds that the elements of issue preclusion are satisfied and, therefore, the Court will, for this reason too, grant Defendant's motion for judgment on the pleadings.

V. **CONCLUSION**

For the above reasons, the Court will: (1) grant Defendants' motion for judgment on the pleadings (D.I. 11); (2) deny Plaintiff's cross-motion for judgment on the pleadings (D.I. 17); and (3) deny as moot Plaintiff's motion to stay, request for counsel, motions for default judgment, and motion for an extension of time to file a response/reply. (D.I. 13, 14, 16, 22, 23)

An appropriate Order will be entered.