IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 18-621-LPS |
| | : Justice of the Peace Court of the State of |
| GENERAL MOTORS LLC, | : Delaware in and for New Castle County |
| | : C.A. No. JP13-18-003067 |
| Defendant. | : |

**MEMORANDUM**

1. **Introduction.** On April 25, 2018, Defendant General Motors LLC ("Defendant") filed a notice of removal of Delaware State Court C.A. No. JP13-18-003067. (D.I. 1) Plaintiff Roland C. Anderson ("Plaintiff") appears *pro se*. Defendant moved for judgment on the pleadings, and Plaintiff moved to stay the case, requested counsel, sought default judgment against Defendant, moved for an extension of time, and filed a cross-motion for judgment on the pleadings. (D.I. 11, 13, 14, 16, 17, 22, 23) On September 13, 2019, the Court granted Defendant's motion for judgment on the pleadings, finding the claims were time-barred and in the alternative barred under doctrine of issue preclusion; denied Plaintiff's cross-motion for judgment on the pleadings; and denied as moot Plaintiff's remaining motions. (*See* D.I. 8, 9) Plaintiff moves for reconsideration. (D.I. 33) Defendant opposes and Plaintiff has filed two replies. (D.I. 34, 35, 36)

2. **Motion for Reconsideration.** Plaintiff moves for reconsideration on the grounds that he was not informed of his rights as required by an agreement with GM/Union, he was not required to file a lawsuit, the procedures were never explained to him, and the dispute should have been resolved by the GM-UAW Pension Board of Administration. (D.I. 33 at 1)

3. **Legal Standards.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must

1

rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

4. **Discussion.** The Court has thoroughly reviewed Plaintiff's position, and the memorandum and order at issue. Also, the Court has again considered the filings of the parties and the evidence of record. Plaintiff's motion fails on the merits because he has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its September 13, 2019 memorandum and order warranting granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Because Plaintiff has failed to demonstrate any ground to support his motion for reconsideration, his motion will be denied. (D.I. 33)

5. **Conclusion.** The court will deny the motion for reconsideration. (D.I. 33) An appropriate order will be entered.

September 30, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE