IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-621-LPS |
| | : Justice of the Peace Court of the State of |
| GENERAL MOTORS LLC, | : Delaware in and for New Castle County |
| | : C.A. No. JP13-18-003067 |
| Defendant. | : |

**MEMORANDUM**

1. **Introduction.** On April 25, 2018, Defendant General Motors LLC ("Defendant") filed a notice of removal of Delaware State Court C.A. No. JP13-18-003067. (D.I. 1) Plaintiff Roland C. Anderson ("Plaintiff") appears *pro se*. Defendant moved for judgment on the pleadings, and Plaintiff moved to stay the case, requested counsel, sought default judgment against Defendant, moved for an extension of time, and filed a cross-motion for judgment on the pleadings. (D.I. 11, 13, 14, 16, 17, 22, 23) On September 13, 2019, the Court granted Defendant's motion for judgment on the pleadings, finding the claims were time-barred and in the alternative barred under the doctrine of issue preclusion; denied Plaintiff's cross-motion for judgment on the pleadings; and denied as moot Plaintiff's remaining motions. (*See* D.I. 8, 9) Plaintiff moved for reconsideration, which was denied on September 30, 2020. (D.I. 33, 38) Next, on October 29, 2020, Plaintiff filed a motion to alter judgment pursuant to Fed. R. Civ. P. 59(e), opposed by Defendant. (D.I. 39) On the same day, Plaintiff filed a notice of appeal of the September 30, 2020 Order denying his motion for reconsideration. (D.I. 40) Plaintiff then filed a motion to withdraw his appeal and, on December 28, 2020, the appeal was terminated for Plaintiff's timely failure to prosecute. (D.I. 47, 48)

1

2.     **Legal Standards.** Rule 59(e) permits motions to alter or amend a judgment to be field "no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (internal citation omitted).

3.     **Discussion.** The Court's September 13, 2019 Memorandum Opinion and Order granted Defendant's motion for judgment on the pleadings on the grounds that Plaintiff's claims were barred by the applicable one-year statute of limitations and under the doctrine of issue preclusion. (D.I. 31)  The September 30, 2020 Memorandum and Order denied Plaintiff's motion for reconsideration on the grounds that Plaintiff did not set forth any intervening changes in the controlling law, new evidence, or clear errors of law or fact. (D.I. 37)  Plaintiff's Rule 59(e) motion argues relief is appropriate because there was a change in controlling law on January 4, 2019 with regard to the limitation period under ERISA. (D.I. 39)  Defendant opposes on the grounds that the Rule 59(e) motion was not timely filed, and the Court has no jurisdiction to hear the matter.

4.     Even assuming the October 29 Rule 59(e) motion was timely filed, relief is not warranted. Plaintiff contends there was a change in controlling law on January 4, 2019, that gave a plaintiff three years from actual knowledge of knowledge of an alleged fiduciary breach to bring a claim. Plaintiff does not provide a case cite, but presumably he is referring to *Intel Corp. Investment Police Committee v. Sulyma*, __U.S.__, 140 S.Ct. 768 (2020). Plaintiff's claim, however, does not rest upon a breach of fiduciary claim. Rather, it is non-fiduciary claim, whose statute of limitations is

2

borrowed from the state law claim that is most analogous to the claim for benefits under ERISA. *See DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 158-60 (1983); *Romero v. The Allstate Corp.*, 404 F.3d 212, 220 (3d Cir. 2005); *Syed v. Hercules, Inc.*, 214 F.3d 155, 159 (3d Cir. 2000). In Delaware, the applicable limitation period is one year. *See Syed*, 214 F.3d at 159; *see also Gregorovich v. E.I. du Pont de Nemours*, 602 F. Supp. 2d 511, 517 (D. Del. 2009) (identifying 10 Del. C. § 8111 as applicable statute of limitations on claims for ERISA benefits filed in Delaware). Finally, Plaintiff ignores the fact that he may not raise his claims due to issue preclusion. (*See* D.I. 31 at 6-8)

6. **Conclusion.** The Court will deny Plaintiff's motion for relief under Rule 59(e). (D.I. 39) An appropriate order will be entered.