IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-621-LPS |
| | : Justice of the Peace Court of the State of |
| GENERAL MOTORS LLC, | : Delaware in and for New Castle County |
| | : C.A. No. JP13-18-003067 |
| Defendant. | : |

## MEMORANDUM

1. **Introduction.** On April 25, 2018, Defendant General Motors LLC ("Defendant") filed a notice of removal of Delaware State Court C.A. No. JP13-18-003067. (D.I. 1) Plaintiff Roland C. Anderson ("Plaintiff") appears *pro se*. Defendant moved for judgment on the pleadings. Plaintiff then moved to stay the case, requested counsel, sought default judgment against Defendant, moved for an extension of time, and moved for judgment on the pleadings. (D.I. 11, 13, 14, 16, 17, 22, 23) On September 13, 2019, the Court granted Defendant's motion for judgment on the pleadings, finding the claims were time-barred and, in the alternative, barred under the doctrine of issue preclusion; the Court also denied Plaintiff's cross-motion for judgment on the pleadings and denied as moot Plaintiff's remaining motions. (*See* D.I. 8, 9) Plaintiff moved for reconsideration, which the Court denied on September 30, 2020. (D.I. 33, 38) Next, Plaintiff filed a motion to alter judgment pursuant to Fed. R. Civ. P. 59(e). (D.I. 39) On the same day, Plaintiff filed a notice of appeal of the September 30, 2020 Order denying his motion for reconsideration. (D.I. 40) Plaintiff then filed a motion to withdraw his appeal and on December 28, 2020, the appeal was terminated for Plaintiff's timely failure to prosecute. (D.I. 47, 48) On August 17, 2021, the Court denied

1

Plaintiff's motion for relief under Rule 59(e). (D.I. 39, 50) On August 23, 2021, Plaintiff filed a third motion for reconsideration. (D.I. 51)

2. **Legal Standards**. The standard for obtaining relief under Rule 59(e) is difficult to meet. It is not to be used to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. The scope of a motion for reconsideration is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (internal quotation marks omitted). *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (first bracketed text added by the court of appeals).

3. **Discussion**. Plaintiff moves for reconsideration, but the instant motion does not refer to a particular order. (D.I. 51) Plaintiff clarified in his response that his third motion for reconsideration is "based on the alleged recent discovery that GM failed to give Plaintiff notice of a procedure that would have allowed Plaintiff to have the U. S. Department of Labor work as a mediator." (D.I. 53 at 2) Plaintiff contends this his recent discovery falls under the umbrella of newly discovered evidence. Defendant opposes the motion and argues that Plaintiff bases his motion on his discovery of an alleged legal requirement that allegedly existed at the time of his original claim for benefits that would have allegedly given him an opportunity for a mediation to be conducted by the Department of Labor before filing any lawsuit.

2

4.      Relief is not appropriate, for several reasons. Notably, Plaintiff does not challenge a particular decision. Thus, it is not apparent the Court can determine if "new evidence" was available when a challenged decision issued since there is no particular challenged decision. Moreover, even were the Court to consider the "new evidence," it would not change the Court's previous decision to deny the motion for reconsideration, particularly since Plaintiff ignored the fact that he may not raise his claims due to issue preclusion. Finally, Plaintiff also argues there is a need to correct a clear error of fact to prevent manifest injustice. Plaintiff, however, does not point to any clear error of law or fact and the Court is not aware of any.

5.      **Conclusion.** Plaintiff has failed to meet his burden under Rule 59(e). His motion for reconsideration, therefore, will be denied. An appropriate order will be entered.

March 28, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE