IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROLAND C. ANDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 18-621-GBW |
| | : | Justice of the Peace Court of the State of |
| GENERAL MOTORS LLC, | : | Delaware in and for New Castle County |
| | : | C.A. No. JP13-18-003067 |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

At Wilmington, this 6 day of March in 2023, having considered Plaintiff's motion for reconsideration and request for counsel (D.I. 56);

1. On April 25, 2018, Defendant General Motors LLC ("Defendant") filed a notice of removal of Delaware State Court C.A. No. JP13-18-003067. (D.I. 1). Plaintiff Roland C. Anderson ("Plaintiff") appears *pro se*. Defendant moved for judgment on the pleadings, and Plaintiff moved to stay the case, requested counsel, sought default judgment against Defendant, moved for an extension of time, and moved for a cross-motion for judgment on the pleadings. (D.I. 11, 13, 14, 16, 17, 22, 23). On September 13, 2019, the Court granted Defendant's motion for judgment on the pleadings finding the claims were time-barred and in the alternative barred under doctrine of issue preclusion, denied Plaintiff's cross-motion for judgment on the pleadings, and denied as moot Plaintiff's remaining motions. (*See* D.I. 8, 9). Plaintiff moved for reconsideration and the motion was denied on September 30, 2020. (D.I. 33, 38). Next, Plaintiff filed a motion to alter judgment pursuant to Fed. R. Civ. P. 59(e) on October 29, 2020, opposed by Defendant. (D.I. 39). On the same day, Plaintiff filed a notice of appeal of the September 30, 2020 Order denying his motion for reconsideration. (D.I. 40). Plaintiff then filed a motion to withdraw his appeal and on December 28, 2020, the appeal was terminated for Plaintiff's timely failure to prosecute. (D.I. 47, 48). On August 17, 2021, the Court denied Plaintiff's motion for relief under Rule 59(e). (D.I. 49, 50). On

August 23, 2021, Plaintiff filed a third motion for reconsideration. (D.I. 51). On March 28, 2022, the Court denied the third motion for reconsideration. (D.I. 54, 55). Plaintiff has now filed a fourth motion for reconsideration, and therein requested the appointment of counsel. (D.I. 56).

2. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

3. Plaintiff raises the same or similar arguments to those already raised and rejected. The motion again fails to meet the standard for reconsideration and will be denied without further comment. The request for counsel will be denied as well.

Now therefore, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration and request for counsel (D.I. 56) are **DENIED**.

HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

March 6, 2023
Wilmington, Delaware